Slip Op. 20-154

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NYWL ENTERPRISES INC.,<br><br>　　　　　Defendant. | Before: Mark A. Barnett, Judge<br>Court No. 16-00257 |

## OPINION AND ORDER

[Plaintiff's motion for the entry of default judgment is denied.]

Dated: October 30, 2020

Jason M. Kenner, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY for Plaintiff United States. With him on the brief were Ethan P. Davis, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Steven J. Holtkamp, Staff Attorney, Office of Chief Counsel, U.S. Customs and Border Protection, of Chicago, IL.

　　　　Barnett, Judge:　This matter is before the court following Plaintiff United States' ("Plaintiff" or "the Government") motion for the entry of default judgment. See Pl.'s Mot. for Entry of Default J. ("Pl.'s Mot."), ECF No. 35. Plaintiff alleges that Defendant, NYWL Enterprises Inc. ("NYWL"), fraudulently misclassified 107 entries of imported Siamese coaxial cable in violation of section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (2012).[1] See Compl. ¶¶ 1–23, 34–35, Ex. A, ECF No. 2. The Government

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2006 edition, which was in effect when most of the subject entries were made, and which is the same in all relevant respects to the 2012 edition.

seeks to recover unpaid duties and post-judgment interest and enforce a monetary penalty. *See id.* ¶¶ 19–23, 34–35; Pl.'s Mot. at 16. For the following reasons, the court denies Plaintiff's motion.

## BACKGROUND

### I. Plaintiff's Allegations

NYWL is a New York corporation. Compl. ¶ 4. During the events relevant to this action, Mr. Dian He was NYWL's Chief Executive Officer. *Id.*[2] Between March 4, 2011, and February 16, 2012, NYWL and Mr. He made 107 entries of merchandise consisting of Siamese coaxial cable through the Port of Chicago, Illinois. *Id.* ¶ 5, Ex. A. Entry documentation listed the cable as either: (1) cored wire of base metal for electric arc welding pursuant to subheading 8311.20.00 of the Harmonized Tariff System of the United States ("HTSUS") dutiable at zero percent; (2) winding wire pursuant to 8544.11.0050, HTSUS, dutiable at 3.5 percent *ad valorem*; or (3) insulated wire of a kind used for telecommunications pursuant to 8544.49.10, HTSUS, dutiable at zero percent. *Id.* ¶¶ 6–7. However, "[t]he subject Siamese coaxial cable was properly classifiable . . . under subheading 8544.20.00, HTSUS, as coaxial cable and other coaxial electric conductors," *id.* ¶ 6, dutiable at the rate of 5.3 percent *ad valorem*, *id.* ¶ 7. NYWL and Mr. He "knew the merchandise consisted of Siamese coaxial cable"

---

[2] Plaintiff initially named Mr. He as a defendant in this case. *See generally* Summons, ECF No. 1; Compl. The Government subsequently dismissed Mr. He as a defendant in the action after it was unable to serve process upon him in the United States. *See, e.g.*, [Tenth] Mot. to Extend Time for Domestic Service Pursuant to USCIT Rule 4(l), ECF No. 26; Notice of Dismissal as Against Dian He ("He Dismissal"), ECF No. 29.

that NYWL's customer "was purchasing . . . for use in closed-circuit television systems." *Id.* ¶ 6.

On December 5, 2011, U.S. Customs and Border Protection's ("CBP" or "Customs") computer system identified an NYWL entry for "a routine inquiry." *Id.* ¶ 8. On December 8, 2011, "in response to a request from CBP, NYWL's customs broker provided an entry with attached commercial invoice describing the merchandise as [closed circuit television] cable and not as cored wire of base metal for electric arc welding." *Id*. This information resulted in CBP's discovery of the extent of NYWL's classification violations. *See id.*

On February 22 and 23 of 2016, "CBP issued pre-penalty notices to NYWL and Mr. He." *Id.* ¶ 13. These notices "identified a total loss of revenue of $470,008.75 and an actual loss of revenue of $379,665.83 relating to the misclassification of the Siamese [coaxial] cable." *Id.* Relevant here, the notices further "proposed a culpability level of fraud and a corresponding penalty, jointly and severally against NYWL and Mr. He in the amount of $3,760,070.00[,] equal to eight times the loss of revenue." *Id.* "Neither Mr. He nor NYWL responded to the pre-penalty notice[s]." *Id*. ¶ 14. On March 4, 2016, CBP issued a duty demand for $379,665.83 and a penalty notice in the amount of $3,760,070.00 for fraudulent misclassification. *Id.* ¶ 15. "Neither Mr. He nor NYWL responded." *Id*. ¶ 16.

## II.    Procedural History

On December 7, 2016, Plaintiff commenced this action through the concurrent filing of the Summons and Complaint. *See* Summons; Compl. Plaintiff seeks, *inter alia*,

$379,665.83 in unpaid duties, Compl. ¶ 35, and a penalty in the amount of $3,760,070.00 (equal to eight times the total lost revenue) plus interest, *id.* ¶ 21.

The Government effected service upon NYWL through the New York Secretary of State on March 7, 2017. Certificate of Service, ECF No. 4. As noted, on May 18, 2020, the Government dismissed its claims against Mr. He. *See* He Dismissal. On June 23, 2020, the Government requested, and the clerk entered, an entry of default against NYWL for its failure to respond to the Complaint. Request for Entry of Default, ECF No. 31; Entry of Default, ECF No. 32. On August 5, 2020, the Government filed the pending motion for the entry of default judgment. *See* Pl.'s Mot.

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction pursuant to 28 U.S.C. § 1582. A case arising pursuant to 28 U.S.C. § 1582 is reviewed *de novo*. 28 U.S.C. § 2640(a)(6).

U.S. Court of International Trade ("USCIT") Rule 55 "provides a two-step process for obtaining judgment when a party fails to plead or otherwise defend—(1) entry of default followed by (2) entry of a default judgment." *United States v. Six Star Wholesale, Inc.*, 43 CIT ___, ___, 359 F. Supp. 3d 1314, 1318 (2019); *see also* USCIT Rule 55(a)–(b).

When, as here, the defendant has defaulted pursuant to USCIT Rule 55(a), "it admits all well-[pleaded] factual allegations contained in the complaint," *Six Star*, 359 F. Supp. 3d at 1318, "but it does not admit legal claims," *United States v. Santos*, 36 CIT 1690, 1693, 883 F. Supp. 2d 1322, 1326 (2012); *see also United States v. Scotia Pharms. Ltd.*, 33 CIT 638, 642 (2009) ("[A] party in default does not admit mere

Court No. 16-00257                                                                                                   Page 5

conclusions of law.") (citation omitted). Thus, before entering judgment by default, the court must first ensure that the factual allegations in the Government's Complaint "establish [NYWL's] liability as a matter of law." *Six Star*, 359 F. Supp. 3d at 1319; *see also Santos*, 36 CIT at 1693 n.4, 883 F. Supp. 2d at 1326 n.4 ("[T]he court will not grant default judgment on the basis of a complaint that is insufficiently [pleaded]."). Moreover, "a default does not concede the amount demanded," and the court must "ensure that there is an adequate evidentiary basis for any relief awarded." *United States v. Puentes*, 41 CIT ___, ___, 219 F. Supp. 3d 1352, 1358 (2017) (citation omitted).

       The Government seeks judgment by default in connection with its fraudulent importation claim. Pl.'s Mot. at 16. Thus, the court's review of Plaintiff's complaint implicates USCIT Rule 9(b), which requires a party alleging fraud to state the circumstances constituting the fraud with particularity, while intent or knowledge "may be alleged generally." *See* USCIT Rule 9(b); *United States v. Greenlight Organic, Inc.*, Slip Op. 20-100, 2020 WL 3970176, at *2 (CIT July 14, 2020) (applying USCIT Rule 9(b) to a penalty enforcement action based on fraud). These circumstances include "the who, what, when, where, and how of the alleged fraud." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) (citation omitted) (examining the analogous Federal Rule of Civil Procedure ("FRCP") 9(b)); *see also United States v. Univar USA, Inc.*, 40 CIT ___, ___, 195 F. Supp. 3d 1312, 1317 (2016) (noting that the court may refer to cases interpreting the analogous FRCP for guidance).[3]

---

[3] The *Scotia Pharmaceuticals* court queried, but ultimately did not need to resolve, whether the heightened pleading standard stated in USCIT Rule 9(b) applies to a

### DISCUSSION

In examining a penalty enforcement action, "the court must consider both whether the penalty imposed has a sufficient basis in law and fact, and whether Customs accorded the [importer] all the process to which [it] is entitled by statute and regulation." *Puentes*, 219 F. Supp. 3d at 1357.

Relevant here, section 1592 bars the fraudulent entry or introduction of merchandise into the commerce of the United States by means of a materially false statement or material omission. *See* 19 U.S.C. § 1592(a)(1)(A). A statement is considered material if it has the tendency to influence agency action including determination of the classification of merchandise. 19 C.F.R. pt. 171, app. B(B). Thus,

---

motion for default judgment. 33 CIT at 643–44 (noting disagreement among certain courts as to whether a defendant waives the requirement by its failure to file a responsive pleading). USCIT Rule 9(b) states the heightened requirement for pleading a fraud-based claim, as compared to the general pleading rule set forth in USCIT Rule 8(a)(2) requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 686–67 (2009) (explaining that allegations of scienter must comply with the requirements of FRCP 8(a)(2) if not those of FRCP Rule 9(b)). Challenges to the sufficiency of allegations sounding in fraud are properly framed as challenges to the plaintiff's statement of a claim entitling the plaintiff to relief. *See, e.g.*, *Greenlight*, 2020 WL 3970176, at *2. Because the defense of "failure to state a claim upon which relief can be granted" is *not* waived if not raised in a Rule 12 motion or a responsive pleading, *see* USCIT Rule 12(h)(1)–(2), the court does not consider USCIT Rule 9(b) effectively waived or otherwise inapplicable for purposes of resolving a motion for default judgment. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (reversing entry of default judgment on fraud claim when the complaint's allegations did not meet the requirements of FRCP 9(b)); *cf. Larson Mfg. Co. of S.D. v. Am. Modular Housing Group, LLC*, 2018 WL 627185, at 3–*5 (D.S.D. Jan. 30, 2018) (finding that the defendants did not waive the opportunity to challenge the adequacy of the plaintiffs' fraud-based allegations in a motion for judgment on the pleadings even though the objections were not raised in the defendants' answers to the first and second amended complaints).

the asserted classification of merchandise in entry paperwork "constitutes a material statement under the statute." *United States v. Optrex Am., Inc.*, 32 CIT 620, 631, 560 F. Supp. 2d 1326, 1336 (2008). A violation is fraudulent when the "material false statement . . . was committed . . . knowingly, i.e., was done voluntarily and intentionally." 19 C.F.R. pt. 171, app. B(C)(3). Section 1592 further requires CBP to issue a pre-penalty notice and penalty notice before commencing any enforcement action. 19 U.S.C. § 1592(b); *see also United States v. Int'l Trading Servs., LLC*, 40 CIT \_\_\_, \_\_\_, 190 F. Supp. 3d 1263, 1269 (2016) (discussing the procedures required for CBP to perfect its penalty claim at the administrative level).

      While the Government's Complaint states with particularity the facts regarding NYWL's materially false statements and adequately alleges compliance with administrative procedural requirements, the Complaint lacks sufficient factual allegations demonstrating NYWL's culpability for fraud.

      With respect to the materially false statements, Plaintiff alleges that, from March 4, 2011, through February 16, 2012, NYWL made 107 entries of Siamese coaxial cable through the Port of Chicago, Illinois, that were accompanied by entry documentation reflecting incorrect HTSUS tariff provisions. Compl. ¶¶ 5–6. Exhibit A, attached to the Complaint and incorporated by reference, details, for each of the 107 entries at issue, the entry number and date, the classification declared by NYWL, and the correct classification. *See id.* ¶ 5, Ex. A; *cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to consider "documents incorporated into the complaint by reference" when considering whether the complaint contains sufficient

Court No. 16-00257 Page 8

factual allegations to state a claim for relief). Plaintiff further specifies the difference between the duty rate reflected in each incorrect HTSUS provision and the higher duty rate provided for by the correct HTSUS provision, which resulted in the underassessment of duties by CBP. Compl. ¶¶ 7, 12. Taken together, Plaintiff's factual allegations and the information contained in Exhibit A to the Complaint adequately specify both the falsity and the materiality of each of NYWL's alleged misclassifications.

      Plaintiff also adequately alleges the steps CBP took to perfect its claim administratively. Plaintiff alleges the dates on which it issued to NYWL and Mr. He pre-penalty notices and the contents of the notices respecting the actual and potential loss of revenue and levels of culpability and NYWL's and Mr. He's right to respond to the pre-penalty notice. *Id.* ¶ 13. Plaintiff further alleges the provision of a duty demand and a written penalty notice to Mr. He and NYWL. *Id.* ¶ 15.

      Nevertheless, with respect to the culpability level of fraud, Plaintiff merely alleges that "[NYWL] knew the merchandise consisted of Siamese coaxial cable" to be used "in closed-circuit television systems," *id.* ¶ 6, and, "[u]pon information and belief, the material false statements described . . . in paragraph 6 were committed, submitted, made, or caused by NYWL . . . voluntarily and intentionally," *id.* ¶ 11. While knowledge may be alleged generally, *see* USCIT Rule 9(b), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet even the more forgiving pleading standard of USCIT Rule 8, *Iqbal*, 556 U.S. at 678. Rather, Plaintiff must "include sufficient allegations of underlying facts from which a court may reasonably infer" NYWL's knowledge of the falsity of the declared

Court No. 16-00257                                                                                                    Page 9

classification.  *Exergen*, 575 F.3d at 1328; *see also In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1312 (Fed. Cir. 2011) (complaint did not meet the requirements of FRCP 9(b) when it contained "only generalized allegations rather than specific underlying facts from which [the court] can reasonably infer the requisite intent").

Plaintiff's Complaint lacks the factual allegations that would permit the court reasonably to infer that NYWL knowingly misclassified the 107 entries.  At most, Plaintiff alleges that NYWL knew that the imported product would be "use[d] in closed-circuit television systems."  Compl. ¶ 6.  Knowledge of the product's use does not support the plausible inference that NYWL knew that the Siamese coaxial cable was *not* "cored wire of base metal for electric arc welding," or "winding wire," or "insulated wire of a kind used for telecommunications" and had been incorrectly classified as such.  *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (citation omitted).  Thus, Plaintiff is not entitled to judgment by default.[4]

---

[4] The Government submitted additional evidence along with its motion for default judgment that it sought to rely on to establish NYWL's fraudulent violation.  *See* Pl.'s Mot. at 12–15; *id.*, Exs. 1–4, ECF Nos. 35-1 to 35-26, 36, 37.  "In determining whether to grant a motion for default judgment, the court may look outside the complaint whenever it needs to 'determine the amount of damages or other relief; . . . establish the truth of an allegation by evidence; or . . . investigate any other matter.'" *United States v. Freight Forwarder Int'l, Inc.*, 39 CIT ___, ___, 44 F. Supp. 3d 1359, 1362 (2015) (alterations in original) (quoting USCIT Rule 55(b)).  That Plaintiff may submit extrinsic evidence for the court's assessment of whether it is ultimately entitled to judgment and to determine the amount of damages, however, does not obviate Plaintiff's obligation to comply with the rules-based pleading requirements.  "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to

...
Court No. 16-00257 Page 10

Plaintiff has not requested leave to amend its Complaint in the event the court finds its allegations insufficient to support the entry of default judgment inclusive of a penalty based on fraud.  Further, while Plaintiff alleged negligent and grossly negligent violations in the alternative, Compl. ¶¶ 25, 30, Plaintiff did not seek default judgment based on either of those theories of culpability, see Pl.'s Mot. at 16.

Rule 1 of the rules of this court encourage "the just, speedy, and inexpensive determination of every action." USCIT Rule 1.  Rule 15(a)(2) further permits the court to grant Plaintiff leave to amend its Complaint.  See USCIT Rule 15(a)(2) (explaining that when, as here, more than 21 days have passed following Plaintiff's service of the Complaint on NYWL, Plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires").  In view of these rules, the court will deny Plaintiff's motion for default judgment without prejudice to Plaintiff's ability to seek default judgment on an alternative theory of liability if Plaintiff considers that the Complaint's factual allegations are sufficient to support that theory.  Alternatively, in the absence of any apparent reason to deny leave to amend, the court will allow Plaintiff one opportunity to do so. See Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that absent circumstances such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

---

be true." Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also Marshall v. Baggett, 616 F.3d 849, 852–55 (8th Cir. 2010) (reversing entry of default judgment when the complaint lacked well-pleaded facts supporting personal liability).

Court No. 16-00257 Page 11

opposing party by virtue of allowance of the amendment, [or] futility of amendment," the court should freely give leave to amend a complaint).

### CONCLUSION AND ORDER

For the reasons discussed herein, it is hereby

**ORDERED** that Plaintiff's motion for the entry of default judgment (ECF No. 35) is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff shall have until January 15, 2021, to file an amended complaint pursuant to USCIT Rule 15(a)(2) *or* file a motion for default judgment based on an alternative theory of liability.

/s/   Mark A. Barnett
Mark A. Barnett, Judge

Dated: October 30, 2020
       New York, New York